IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CONCEPCION RAMIREZ LOPEZ,

     Petitioner,

v.                                                                      No. 2:26-cv-01276-DHU-LF

DORA CASTRO, Warden, Otero County
Processing Center, et al.,

     Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Concepcion Ramirez Lopez's Amended Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 8. Petitioner alleges that Respondents have unlawfully detained him without a bond hearing, in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* at 6. He asks this Court to order Respondents to release him, *id.* at 7, or, in the alternative, provide him with a bond hearing, Doc. 14 at 13. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

## I.
## BACKGROUND

Based on the information provided by the parties, the Court makes the following limited factual findings:

1. Petitioner is a citizen of Guatemala who entered the United States without inspection at least one decade ago. Doc. 11 at 1 (citing "Exhibit A"); Doc. 14 at 2.

1

2.  On September 10, 2025, Petitioner was arrested by immigration officers outside his residence in Dorchester, Massachusetts. Doc. 11 at 2; Doc. 14 at 2-3.

3.  Petitioner has been detained since his arrest, and after multiple transfers, is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 14 at 3.

4.  While detained in Texas, Petitioner received a bond hearing on December 4, 2025, but bond was denied based on a lack of jurisdiction under the BIA's decision in *Matter of Yajure Hurtado*. Doc. 11 at 2 (citing "Exhibit B"); Doc. 14 at 3.

On April 23, 2026, Petitioner filed a *pro se* Habeas Petition, which he later amended. Docs. 1, 8. In his Amended Habeas Petition, Petitioner alleges that his detention violates immigration statutes and the Fifth Amendment to the United States Constitution because of his prolonged detention without a meaningful opportunity for bond. Doc. 8 at 6. He asks this Court to, in relevant part, assume jurisdiction and issue a writ of habeas corpus ordering his release. *Id.* at 7. In the alternative, Petitioner asks for a full merits-based bond hearing with an individualized evaluation of his flight risk and danger. Doc. 14 at 12-13. Petitioner also requests reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Id.*

On April 30, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten (10) business days. Doc. 4.

On May 12, 2026, Respondents filed their response to the Habeas Petition. Doc. 11. In their response, Respondents argue first that this Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review the IJ's December 4, 2025 bond decision. *Id.* at 2. Next, Respondents contend that, because he received a bond hearing and bond was denied, Petitioner has already received all the process he is owed under the Constitution. *Id.* at 3-4. Finally, the Government acknowledges that bond was denied based on a lack of jurisdiction under *Matter of Hurtado*, but argues that decisions from the

Fifth and Eighth Circuits provide persuasive support for the mandatory detention of Petitioner under § 1225. *Id.* at 4. If this Court decides Petitioner is *not* subject to mandatory detention, Respondents urge the Court to order a bond hearing, rather than release. *Id.*

On May 19, 2026, Petitioner submitted a reply. Doc. 14. In his reply, Petitioner contends that this Court has jurisdiction because he challenges the constitutional adequacy of his detention, not a discretionary bond decision. *Id.* at 4. Petitioner also argues that the Due Process Clause requires release or a bond hearing before he is subject to final removal proceedings. *Id.* at 5. Finally, Petitioner asserts that Respondents' mandatory detention argument fails as a matter of law and fact. *Id.* at 9-11.

**II.**
**LEGAL STANDARDS**

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that his prolonged detention without a meaningful bond hearing violates the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

As an initial matter, the Court rejects the Government's argument that § 1226(e) strips it of jurisdiction to hear this case. Section 1226(e) precludes judicial review of decisions based on the exercise of *discretionary* judgment made by the executive. Here, the IJ did not exercise discretion and, in fact, did not actually make a decision. Instead, relying on the BIA's decision in *Matter of Yajure Hurtado*, the IJ found he lacked jurisdiction to make a decision on bond altogether. Moreover, Petitioner alleges a denial of due process, and it is the Court's very duty to address constitutional challenges. *See Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (noting that habeas jurisdiction over constitutional challenges is distinct from the § 1226(e) bar). The Court therefore finds it has jurisdiction to review the merits of this case.

Substantively, this case is not the first of its kind in this Court. In fact, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, -- F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are

4

subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered the United States approximately three years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 8) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, May 27, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

continued detention. The assigned IJ is hereby ordered not to deny bond based on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, May 28, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE